IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

| | | |
|---|---|---|
| COMBAT ZONE CORP., | § | |
| *Plaintiff,* | § § § | |
| v. | § § | Civil Action No. 2:12-00142-MPM-SAA |
| JOHN/JANE DOES 1-2, | § § | |
| *Defendants.* | § § § | |

**THIRD-PARTY INTERNET SERVICE PROVIDER
AT&T'S RESPONSE TO PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**

Pursuant to the Court's Order of August 28, 2012, third-party Internet service provider SBC Internet Services, Inc. d/b/a AT&T Internet Services ("AT&T") files this response to Plaintiff's Motion for Expedited Discovery (the "Expedited Discovery Motion"). Plaintiff filed its Expedited Discovery Motion seeking discovery pursuant to 17 U.S.C. § 512(h) and additional discovery (not pursuant to any stated authority) on August 7, 2012. (Expedited Disc. Mot. at 1, ECF No. 3.) On August 28, 2012, the Court entered its Order inviting a response to the Motion from the Internet service providers ("ISPs") from which Plaintiff seeks expedited discovery – namely, AT&T and MetroCast Cablevision/MetroCast Communications of Mississippi, LLC. (Order, ECF No. 6.)

For the reasons set forth in the accompanying memorandum, AT&T respectfully submits that Plaintiff's Expedited Discovery Motion should be denied to the extent it seeks authority to issue a subpoena pursuant to Section 512(h) of the Digital Millenium Copyright Act ("DMCA"). Furthermore, AT&T submits that the Court should carefully scrutinize Plaintiff's requests to obtain the personally identifiable information as to the Doe Defendants, should consider severing Doe No. 2 on joinder grounds, and should consider the imposition of heightened requirements on

Plaintiffs, as other courts have done in similar cases. If discovery should be permitted as to either or both of the Doe Defendants in the form of permission to issue a Rule 45 subpoena, the discovery order should not include any requirements of the ISP other than such requirements as emanate from Rule 45. Absent any legal authority, Plaintiff's request for multi-stage discovery (i.e., for advance authorization to take depositions and/or serve interrogatories and document requests on identified subscribers, on an expedited basis before any defendant is named) should be denied.

Respectfully submitted:

/s/ Mark F. McIntosh
Mark F. McIntosh
Mississippi Bar No. 2646
AT&T Services, Inc.
Suite 05C571
1025 Lenox Park Blvd NE
Atlanta, Georgia 30319
Telephone: (404) 986-1102
Facsimile: (404) 986-1809
mm5000@att.com

Attorney for SBC Internet Services, Inc.
d/b/a AT&T Internet Services

Of counsel:

Bart W. Huffman
Locke Lord LLP
100 Congress Ave., Ste. 300
Austin, Texas 78701
Tel: (512) 305-4746
bhuffman@lockelord.com

## Certificate of Service

I hereby certify that on October 1, 2012, I electronically transmitted the attached document to the Clerks' Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

*Attorney for Plaintiff, Combat Zone Corp.*

Thomas G. Jacks
CHALKER FLORES LLP
2711 LBJ Freeway, Suite 1036
Dallas, TX 75234
214-866-0001
Email: tjacks@chalkerflores.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

*Attorney for Defendants, John/Jane Does 1-2*

Paul A. Chiniche
CHINICHE LAW FIRM, PLLC
1109 Van Buren Avenue
P.O. Box 1202
Oxford, MS 38655
662-234-4319
Email: pc@chinichelawfirm.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED


   /s/ Mark F. McIntosh
Mark F. McIntosh