**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

| | | |
|---|---|---|
| COMBAT ZONE CORP. | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.2:12-cv-00142-MPM-SAA |
| | § | |
| JOHN/JANE DOES 1-2 | § | |
| | § | |
| *Defendants*, | § | |
| | § | |
| | § | |

**JOHN/JANE DOES 1-2 RESPONSE TO**
**MOTION FOR EXPEDITED DISCOVERY**

COMES NOW, the Defendants, John/Jane Does 1-2 (hereinafter "Defendants"), and files this Response to Motion for Expedited Discovery (the "Response"). The Plaintiff filed its Complaint against the unknown Defendants on August 3, 2012, alleging various copyright infringements following their belief these Defendants duplicated and distributed unauthorized and infringing copies of the Plaintiff's motion picture. Thus, the Plaintiff seeks a Court order through its Motion for Expedited Discovery **[Doc.3]**, allowing it to propound discovery in the form of subpoenas pursuant to 17 U.S.C. § 512(h) on two internet service providers (hereinafter "ISPs") seeking the identity of the Defendants.

1. For the reasons set forth in the accompanying memorandum filed in support of Doe Defendants' Response to Plaintiff's Motion for Expedited Discovery, this Court should deny Plaintiff's discovery request. Specifically, 17 U.S.C. § 512(h) does not authorize the issuance of subpoena to the two Internet Service Providers (ISP) identified in this case. Secondly, the Fifth Circuit's two-pronged good cause analysis for early disclosure weighs

1

in favor of non-disclosure of the identities of these unknown Defendants. Third, disclosure of the ISP account holders does not necessarily identify the alleged copyright offender. Forth, the Cable Privacy Act may not apply to both ISP's contained in the Plaintiff's motion. Finally, Doe Defendants hereby join in sections "C" and "D" of the memorandum [**Doc.12**] filed in support of Third Party Internet Service Provider AT&T's ("AT&T") response to Plaintiff's Motion for Expedited Discovery.

2. Alternatively, if the Court deems it appropriate to grant Plaintiff's motion under Rule 45, the Doe Defendants request this Court to require that Plaintiff produce its documentation tracking the alleged infringing activity and order discovery remain sealed until the infringing user has been positively identified. Furthermore, absent any legal authority, Plaintiff's request for multi-stage discovery (i.e. depositions, interrogatories, and document requests) should be denied.

Respectfully submitted this the 9th day of October, 2012.

JOHN/JANE DOES 1-2, Defendants

*/s/ Paul Chiniche*_____
Paul Chiniche (MSB#101582)
Chiniche Law Firm, PLLC.
Post Office Box 1202
1109 Van Buren Avenue
Oxford, Mississippi 38655
Tel:     662.234.4319
Fax:    662.281.8353
Email: pc@chinichelawfirm.com

**ATTORNEY *AT LITEM* FOR DEFENDANTS**

2

## <u>CERTIFICATE OF SERVICE</u>

I, PAUL CHINICHE, Attorney *At Litem* for the Defendants, hereby certify that this day I have served a true and correct copy of the above and foregoing pleading upon the following counsel via electronic means using the ECF system:

Thomas G. Jacks, Esq.
Chalker Flores, LLP
14951 N. Dallas Parkway, Suite 400
Dallas, Texas 75254
Email: tjacks@chalkerflores.com

Mark F. McIntosh, Esq.
AT&T Services, Inc.
Suite 05C571, Lenox Park, Blvd. NE
Atlanta, Georgia 30319
Email: Mm5000@att.com

      SO CERTIFIED this the 9th day of October, 2012.

                            */s/ Paul Chiniche_____*
                            PAUL CHINICHE (MSB#101582)