**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

| | | |
|---|---|---|
| COMBAT ZONE CORP. | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 2:12-cv-00142-MPM-SAA |
| | § | |
| JOHN/JANE DOES 1-2 | § | JURY TRIAL REQUESTED |
| | § | |
| *Defendants*. | § | |

**PLAINTIFF'S REBUTTAL TO NON-PARTY AT&T'S
RESPONSE TO MOTION FOR EXPEDITED DISCOVERY**

TO THE HONORABLE COURT:

COMES NOW Plaintiff, COMBAT ZONE CORP. ("Combat Zone" or "Plaintiff"), and hereby submits its Rebuttal to Non-Party Internet Service Provider AT&T's Response to Plaintiff's Motion for Expedited Discovery and, in support of same, submits the following:

**I.  INTRODUCTION**

1. By Order, dated August 30, 2012, this Court invited the Non-Party Internet Service Providers ("ISPs"), SBC Internet Services, Inc. d/b/a AT&T Internet Services ("AT&T") and MetroCast Communications of Mississippi, LLC d/b/a MetroCast Cablevision ("MetroCast"), to file a response to Plaintiff's Motion for Expedited Discovery ("Plaintiff's Motion" or the "Motion").

2. Thereafter, AT&T filed its Response to Motion for Expedited Discovery and supporting Memorandum (collectively, "AT&T's Response") to Plaintiff's Motion, consisting of improper allegations that Combat Zone failed to comply with applicable subpoena requirements,

---

improper allegations regarding Combat Zone's conduct, and improper arguments made by a non-party with respect to matters for which it has no direct interest.

3. Additionally, AT&T's Response is replete with factual and legal inaccuracies, and appears to be copied and pasted from a response to another lawsuit, as it sets forth arguments for irrelevant or non-present issues in Plaintiff's Motion. AT&T's assertions in its Response consequently fail for the reasons set forth below.

## II. REBUTTAL TO CLAIMS MADE IN AT&T'S RESPONSE

### A. Combat Zone's Motion May be Granted Pursuant to Rule 26.

4. The § 512(h) issue is irrelevant to the extent Plaintiff's Motion and proposed subpoenas comply with the requirements under FED. R. CIV. P. 26. Plaintiff believes it has already demonstrated in its Motion the presence of good cause warranting limited pre-suit discovery. Therefore, AT&T's failure to provide this Court or Plaintiff with the burdens AT&T believes would be imposed upon it by producing information necessary to identify <u>one</u> single unknown defendant should result in Plaintiff's Motion being granted pursuant to FED. R. CIV. P. 26; *AF Holdings LLC v. Does 1-1,058*, Civ. No. 1:12-cv-0048-BAH, 16-18 (D.D.C. Aug. 6, 2012).

5. AT&T's Response completely fails to acknowledge that Combat Zone has already alleged good cause in its Motion requesting discovery prior to the Rule 26 conference.[1] *See* Plaintiff's Motion, pgs. 3-6, ¶¶ 5-14. Discovery of the identity of the unknown Doe defendants is entirely impossible without compliance by the non-party ISPs with the proposed subpoenas. *See also AF Holdings*, at 14 (stating that copyright owners "cannot salvage the value of [their]

---

[1] Plaintiff questions whether AT&T has actually read Plaintiff's Complaint and Motion or simply inserted boilerplate language from another case.

---

copyright without assistance from the ISPs because there is no way for the [copyright owners] to identify the unknown individuals referenced in the Complaint without responses to the subpoenas by the ISPs").

6.     Additionally, AT&T grossly exaggerates any "burdens" imposed upon it should this Court grant Plaintiff's Motion. To suggest to this Court that an "undue burden" would be imposed upon it should AT&T be ordered to produce the identification information for <u>one</u> unknown subscriber grossly overstates the burdens to produce such information. Instead, AT&T resorts to bare-boned, conclusory statements in its Response without providing this Court any idea what costs, time, or extraordinary procedures would be required of AT&T to produce identification information for <u>one</u> unknown subscriber. *See AF Holdings*, at 16-18 (granting the plaintiff's motion to compel compliance with the subpoenas issued upon the non-party ISPs because the ISPs failed to provide the court any further detail as to the ISPs' "cost of complying with the plaintiff's subpoenas, the time associated with producing the requested information, or the procedure by which the information is obtained and released").

     **B.     AT&T's Rule 65 Argument is Irrelevant.**

7.     With respect to AT&T's statement that Plaintiff's requested relief in its Motion "is in the nature of preliminary injunction" and, therefore, should be denied under FED. R. CIV. P. 65, AT&T misstates Plaintiff's requested relief by convoluting those situations in which Rule 65 actually applies. *See* FED. R. CIV. P. 65; *and* AT&T's Response, pg. 7. Plaintiff's Motion does not request, much less even mention, the phrase "preliminary injunction," nor does Plaintiff seek any relief under FED. R. CIV. P. 65. *See, generally*, Plaintiff's Motion, ¶¶ 1-19. AT&T cannot simply provide this Court with a blanket and unsubstantiated determination that Plaintiff's

requested relief merely resembles a "preliminary injunction" and, therefore, should be denied for failure to meet the requirements of an inapplicable Federal Rule.

      **C.     AT&T Fails to Offer This Court Any Valid Reason Warranting "Additional Cautionary Measures and Heightened Scrutiny" in This Particular Suit.**

      8.     AT&T claims this suit warrants "additional cautionary measures and heightened scrutiny." *See* AT&T's Response, pg. 8. However, AT&T resorts to lumping Plaintiff's cause of action into a category with other dissimilar copyright infringement lawsuits filed in non-binding jurisdictions on this Court.

      9.     First, AT&T's Response fails to present any binding precedential authority from the Supreme Court of the United States, the Fifth Circuit, or the Northern District of Mississippi requiring this Court to impose "additional cautionary measures and heightened scrutiny" to Plaintiff's requests in this matter. *See* AT&T's Response, pgs. 8-11. Instead, the only case in the Fifth Circuit cited by AT&T to support its request for "additional cautionary measures and heightened scrutiny," *Mick Haig Prods., E.K. v. Does 1-670 v. Stone*, 687 F.3d 649 (5th Cir. 2012), concerns a case involving a completely separate matter in which the plaintiff's attorney received sanctions for prematurely issuing subpoenas on ISPs and communicating with several Doe defendants without the presence or knowledge of the court or the *attorneys ad litem*, and before the district court ruled on the plaintiff's motion to expedite. *See id.* Despite AT&T's wayward attempt to proffer this case as grounds for "additional cautionary measures and heightened scrutiny," the *Mick Haig* case contains no grounds upon which such a claim can be substantiated other than providing, in dicta, the court's opinions on the content of the plaintiff's claimed infringement. *See id.*

10. Furthermore, none of the other cases cited as grounds for this Court to impose "additional cautionary measures and heightened scrutiny" by AT&T are binding precedential authority in the Fifth Circuit. *See* AT&T's Response, pg. 9. But, more importantly, each of those cited cases involve litigation tactics not taken by Plaintiff in the case at bar. Plaintiff has neither given this Court, nor AT&T, any reason to believe that FED. R. CIV. P. 11 has been violated. Plaintiff has not made any "harassing phone calls, demanding . . . compensation to end the litigation" or to embarrass defendants, nor has Plaintiff sought immediate dismissal of defendants who have filed a motion to dismiss or sever themselves. *See id.,* n.13. Plaintiff has not issued subpoenas upon a "judicial forum that has no connection with this lawsuit." *See id.,* n.14. Plaintiff has not sent any demand letters to any of the defendants in this matter nor does it intend to. *See id.,* n.15. Plaintiff has neither given this Court nor AT&T any reason to believe any affiliate of Plaintiff, such as Plaintiff's counsel or a private investigator, has participated in the alleged infringement. *See id.,* pgs. 9-10, n.16. And, finally, Plaintiff has neither given this Court nor AT&T any reasons, whatsoever, to sanction Plaintiff or Plaintiff's counsel or refer this matter to the state bar. *See id.,* pg.10, n.17. Plaintiff's counsel is no more responsible for other counsel's conduct in other copyright infringement matters than AT&T's counsel is responsible for other ISPs' conduct in such matters.

11. Additionally, AT&T's allegation on page 11 of its Response that "Plaintiff's tactics in connection with this lawsuit are more than mildly questionable" is entirely without merit, offensive and borderline sanctionable. Plaintiff has taken reasonable and appropriate steps to provide evidence of copyright infringement by the Defendants and to determine the identity of the Defendants in this matter.

**D. AT&T's Misjoinder Argument is Premature and Irrelevant to a Non-Party.**

12. Any discussion of possible misjoinder of Defendants by Plaintiff is entirely premature and irrelevant to the present matter for several reasons. Pursuant to FED. R. CIV. P. 20, defendants may be joined in a single action if: "(a) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and (b) any question of law or fact common to all defendants will arise in the action. FED. R. CIV. P. 20(a)(2). Here, Plaintiff's claims against the unknown individuals associated with the listed IP addresses (1) arise out of the same transaction, occurrence, or series of transactions or occurrences, and (2) there are common questions of law and fact relating to the claims against them.

13. First, Plaintiff's Complaint and Motion sufficiently allege valid reasons for the joinder of these two unknown Defendants in this particular matter. *See* Plaintiff's Complaint, ¶¶ 10-59, *and* Exhibit 2; *and* Plaintiff's Motion, ¶¶ 1-17, *and* Exhibit 1. Likewise, AT&T's claim that "Plaintiff's unsupported assertions that unnamed defendants comprise the 'swarm' . . . are undercut by the fact that, according to Plaintiff, the defendants allegedly downloaded 'Mommy and Me #2' more than three weeks apart from each other" is entirely inaccurate and without merit considering no element of a copyright infringement cause of action requires all activities concerning the infringement occur at the <u>same exact time</u>. *See Feist Publ'ns., Inc. v. Rural Tel. Serv. Co*., 499 U.S. 340, 361 (1991); *and Positive Black Talk Inc. v. Cash Money Records, Inc*., 394 F.3d 357, 367 (5th Cir. 2004) (elements of a copyright infringement claim require: (1) ownership of a valid copyright, and (2) actionable copying by the defendant(s) of constituent elements of that work that are original). Without reincorporating the content of its Complaint,

Motion, and the attached exhibits, Plaintiff believes it has provided more than sufficient information to this Court for joinder of the Defendants.

14. Second, Plaintiff reiterates the fact that AT&T is a <u>non-party</u> ISP in relation to this particular matter. Motions to dismiss or sever for improper joinder, if they are to be made at all, should be reserved for either this Court, the *attorney ad litem*, or the Defendants themselves, not a non-party ISP like AT&T. *See* FED. R. CIV. P. 20.

15. Third, issues concerning joinder or misjoinder under FED. R. CIV. P. 20 have absolutely no bearing on AT&T's production of the identification information. In fact, if this Court were to declare a misjoinder of Defendants and require Plaintiff to re-file individual complaints against each of the two Defendants, Plaintiff would file the same Motion as is currently pending before this Court again seeking pre-suit discovery from AT&T to discover information that will lead to the identification of the unknown Defendants.

16. Finally, none of the cases cited by AT&T with respect to issues of joinder contain binding precedential authority on this Court, nor are the cited cases applicable to the procedural stage in which this matter resides. In fact, most of the cited cases do not address the issue of joinder until <u>after</u> the pre-suit discovery phase has taken place and, if they do, the issue is generally raised by the *attorney ad litem* or Doe defendants—not the non-party ISPs—after the court orders the ISPs to produce the identification information of the unknown defendants. *See Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 11 (D.D.C. 2008) (holding that an inquiry into issues of joinder at the pre-suit discovery stage is premature without first knowing the defendants' identities and the actual facts and circumstances associated with the defendants' conduct).

### E. AT&T's Argument Regarding Limited Discovery is Incorrect and Irrelevant to a Non-Party.

17. AT&T further argues that Plaintiff should not be allowed to engage in "limited discovery in the form of interrogatories, admissions, and/or deposing the individuals identified by the ISPs . . ." because Plaintiff provided no legal authority for the request. *See* AT&T's Response, pg. 13. AT&T, however, fails to recognize or acknowledge that Plaintiff's limited discovery request is also governed by FED. R. CIV. P. 26 and that it is proper when it is authorized by the Court.

18. With respect to AT&T's argument that Plaintiff's Motion and the requests therein should be governed by FED. R. CIV. P. 27, AT&T again provides this Court with a wholly inapplicable argument with respect to AT&T's interests in this matter. Specifically, FED. R. CIV. P. 27 governs the perpetuation of <u>testimony</u>, not the identification information of unknown defendants. *See* FED. R. CIV. P. 27. For purposes of clarification, Plaintiff is not seeking testimony from AT&T nor any of AT&T's employees. Instead, Plaintiff seeks the <u>production</u> of information from AT&T so that it may identify the unknown Defendants as requested in Plaintiff's Motion. *See* Proposed Subpoenas attached as Exhibit 2 to Plaintiff's Motion.

19. Finally, nothing about Plaintiff's request for such information is an attempt to "engage in . . . unusual discovery." *See* AT&T's Response, pg. 14. To the contrary, Plaintiff is attempting to discover the identity of the proper defendants in this action by using the only reasonable means by which Plaintiff can obtain information necessary to identify the unknown Defendants in this matter, short of knocking on every individual's door residing within the Northern District of Mississippi and questioning them in person.

> **F.** **This Court is not bound to follow the decisions in *RIAA v. Verizon* or *In re Charter Commc'ns, Inc.***

20. AT&T's argument of a "widespread acceptance" of the denial of the authorization of subpoenas under § 512(h) is simply false. In fact, a vast majority of the Circuits have not addressed the issuance of subpoenas under § 512(h).

21. Furthermore, the issuance of subpoenas under § 512(h) is a matter of first impression for the Fifth Circuit, and AT&T has failed to provide this Court with any case law to the contrary. Instead, to counter this notion, Plaintiff proffers to this Court the only case in the Fifth Circuit of which it is aware that somewhat discusses this particular matter, *Garrett v. Comcast Commc'ns, Inc.*—a Memorandum Opinion rendered in 2004 by the Honorable Jorge A. Solis out of the Northern District of Texas-Dallas Division. *See Garrett v. Comcast Commc'ns, Inc.*, 2004 WL 1660391 (N.D. Tex. July 23, 2004) (rejecting an attack against a subpoena holding that there was not enough evidence to show that an ISP was acting as a "conduit" between two P2P users). While Judge Solis' opinion regarded a determination of subject-matter jurisdiction, importantly, he stated the following in a footnote of his opinion:

> Plaintiff claims that the subpoena was already declared invalid in *Recording Indus. Ass'n of America, Inc. v. Verizon Internet Servs., Inc.*, 351 F.3d 1229 (D.C. Cir. 2003), and the only remaining issues for the court to decide are Plaintiff's state law claims . . . However, *RIAA v. Verizon* held that a subpoena issued under § 512(h) was valid if it was issued to an internet service provider engaged in storing on its servers material that is infringing or the subject of infringing activities. 351 F.3d at 1233. Only subpoenas issued to internet service providers acting as a conduit for data transferred between two internet users, such as persons sending e-mail or "P2P" files, were declared invalid by the D.C. Circuit Court. *Id.* Plaintiff has not alleged information that would allow the Court to determine which situation was present in this case. <u>Moreover, this Court is not bound to follow the precedent of *RIAA v. Verizon*.</u>

*Id.* *3, n.1. As Judge Solis stated in his footnote in *Garrett*, the Fifth Circuit and its district courts are not bound by the ruling in *RIAA v. Verizon*. *See id.* Therefore, AT&T incorrectly

asserts that "subpoenas may not be issued under . . . 512(h) to ISPs acting as conduits for sharing between internet users." *See* AT&T's Response, pg. 4.

### G. The holding in *RIAA v. Verizon* completely ignores the plain and unambiguous language of § 512(h).

22. Section 512(h)(2)(A) merely requires that a proposed subpoena contain "a copy of a notification [of claimed infringement, as] described in § 512(c)(3)(A)." *See* 17 U.S.C. § 512(h)(2)(A). Section 512(c)(3)(A) provides that "[t]o be effective under this subsection, a notification of claimed infringement must be a written communication . . . that includes <u>substantially</u> the following:

(i) A physical or electronic signature of a person authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.

(ii) Identification of the copyrighted work claimed to have been infringed, or, if multiple copyrighted works at a single online site are covered by a single notification, a representative list of such works at that site.

(iii) <u>Identification of the material that is claimed to be infringing or to be the subject of infringing activity and that is to be removed or access to which is to be disabled, and information reasonably sufficient to permit the service provider to locate the material.</u>

(iv) Information reasonably sufficient to permit the service provider to contact the complaining party, such as an address, telephone number, and, if available, an electronic mail address at which the complaining party may be contacted.

(v) A statement that the complaining party has a good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law.

(vi) A statement that the information in the notification is accurate, and under penalty of perjury, that the complaining party is authorized to act on behalf of the owner of an exclusive right that is allegedly infringed."

17 U.S.C. § 512(c)(3)(A) (emphasis added). Plaintiff has met its burden in all respects by providing proposed subpoenas and its Motion with attached exhibits, which, read in conjunction,

provide AT&T with substantially all, if not all, of the material required by § 512(c)(3)(A). *See* Proposed Subpoenas attached as Exhibit 2 to Plaintiff's Motion.

23. Next, AT&T's suggestion that Plaintiff's proposed subpoenas and Motion fail because AT&T is a mere "conduit service provider" ignores the plain language of the statute.[2] Section 512(c)(3)(A) does <u>not</u> require an ISP to have actually stored the allegedly infringing material on its hard drive in order for the subpoenas to be valid. *See* 17 U.S.C. § 512(c)(3)(A). Instead, § 512(c)(3)(A)(iii) simply requests the movant to provide "[i]dentification of the material that is claimed to be infringing or to be the subject of infringing activity and that is to be removed or access to which is to be disabled, and information reasonably sufficient to permit the service provider to locate the material." *Id.* (emphasis added). Plaintiff's proposed subpoena and Motion clearly meet all requirements of the statute: (1) they provide AT&T with sufficient identification of the material that is claimed to be infringing, *see* Plaintiff's Motion, pg. 2, ¶ 2; and (2) they provide AT&T with information reasonably sufficient to permit AT&T to locate the relevant subscriber so that infringement of the material may be addressed. *See* Plaintiff's Motion, Exhibit 2; 17 U.S.C. § 512(c)(3)(A)(iii). Consequently, AT&T's argument on page 5 of its Response that the requisite "notification" of information to AT&T is "conspicuously absent from Plaintiff's [Motion]" fails because Plaintiff has, in fact, complied with all of the necessary

---

[2] Although the court in *RIAA v. Verizon* does not discuss the issue, Plaintiff refers this Court specifically to 17 U.S.C. §512(k)(1)(A), where Congress expressly defined a "service provider" as provided in § 512 to be "an entity offering the transmission, routing, or providing of connections for digital online communications, between or among points specified by a user, of material of the user's choosing, <u>without modification to the content of the material as sent or received</u>." 17 U.S.C. § 512(k)(1)(A) (emphasis added). The underlined portion specifically incorporates those entities claiming to be mere passive "conduits" because by their very definition, "conduits" does not modify the content of the material as sent or received. Plaintiff vehemently maintains its position that to construe the statute otherwise would completely contravene Congress' drafting of § 512(h) and such a ruling would render § 512(h)'s language utterly obsolete and superfluous. In fact, by following AT&T's argument, <u>no</u> plaintiff seeking relief under § 512(h) could <u>ever</u> serve a subpoena on ISPs because, at least to Plaintiff's knowledge, no ISP stores allegedly infringing materials on their hard drives since they <u>all</u> serve as passive conduits for their customers.

---

requirements set forth in the plain and unambiguous language of § 512(c)(3)(A) for issuance of subpoenas under § 512(h).

### III.  CONCLUSION AND PRAYER

24.  Plaintiff respectfully requests that the Court issue the requisite Order authorizing Plaintiff to serve subpoenas instructing the ISPs to produce any and all documents and/or information sufficient to identify the user or users of the above referenced IP addresses during the corresponding dates and times as shown in Plaintiff's Motion.  Plaintiff will only use this information to prosecute the claims made in its Complaint.  Without this information Plaintiff cannot pursue its lawsuit to protect its copyrighted work.

25.  Plaintiff additionally requests an Order allowing Plaintiff to engage in limited discovery by issuing interrogatories, admissions, and/or deposing the individuals identified by the ISPs in order to determine whether or not the Internet subscriber is the proper Defendant in this action.

Dated:  October 9, 2012                       Respectfully submitted,

                                          **CHALKER FLORES, LLP**

                                          By: */s/ Thomas G. Jacks*
                                              Thomas G. Jacks
                                              Mississippi Bar No. 102100
                                              14951 N. Dallas Parkway, Suite 400
                                              Dallas, Texas 75254
                                              (214) 866-0001
                                              (214) 866-0010 (Fax)
                                              tjacks@chalkerflores.com

                                          **ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on this 9th day of October, 2012, a true and correct copy of the foregoing document was served on counsel of record in accordance with the Federal Rules of Civil Procedure and this Court's ECF system.

                                      */s/ Thomas G. Jacks*
                                      Thomas G. Jacks