**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**COMBAT ZONE CORP.**                                               **PLAINTIFF**

**V.**                                    **CIVIL ACTION NO. 2:12CV142-M-A**

**JOHN/JANE DOES 1-2**                                           **DEFENDANTS**

**ORDER GRANTING IN PART MOTION FOR EXPEDITED DISCOVERY**
**AND FOR EXTENSION OF TIME TO SERVE DEFENDANTS**

Plaintiff has moved to serve third-party subpoenas on the Internet Service Providers

(ISPs) of defendants before the Federal Rule of Civil Procedure 26(f) conference to determine

the identities of defendants John/Jane Does 1-2.  Docket  # 3.  For the reasons set forth below,

plaintiff's Motion for Expedited Discovery is GRANTED in part and DENIED in part.

Plaintiff alleges that it is the owner of the copyright for a motion picture titled "Mommy

and Me # 2" and that defendants "acted in a collective and interdependent manner in the

unlawful reproduction and distribution of Plaintiff's Motion Picture using BitTorrent file transfer

protocol."  Docket 1.  "BitTorrent is a peer-to-peer file sharing protocol used for distributing and

sharing data on the Internet, including files containing digital versions of motion pictures."  *Id.* at

5.  Plaintiff only knows each defendant through the defendant's IP address on the date and at the

time at which the infringing activity was observed.  *Id.* at 3.  Plaintiff wishes to subpoena the

ISPs that issued the defendants' IP addresses to obtain the identities of the account holders for

the IP addresses.

Rule 26(d)(1) provides that a "party may not seek discovery from any source before the

parties have conferred as required by Rule 26(f), except . . . when authorized by . . . court

order."[1]  The Federal Rules do not dictate a specific protocol for determining whether expedited discovery is appropriate, but courts generally employ two standards: the preliminary injunction style analysis or the "good cause" standard.  *St. Louis v. Metals & Additives Corp., Inc.*, 275 F.R.D. 236, 239 (S.D. Tex. 2011).  Although the Fifth Circuit has not adopted either standard, the majority of courts, including others within the Fifth Circuit, have used the "good cause" standard, and this court will do the same.  Under this standard, the court must consider whether the need for expedited discovery, as it relates to the administration of justice, outweighs the prejudice to the responding party.  *Id.*  "In essence, a "good cause" analysis is akin to a broader and more flexible totality of the circumstances analysis."  *Id.,* citing *Dimension Data N. Am., Inc. v. NetStar-1, Inc.*, 226 F.R.D. 528 (E.D. N.C. 2005) ("a standard based upon reasonableness or good cause, taking into account the totality of the circumstances, is more in keeping with discretion bestowed upon the court in the Federal Rules).

To support good cause Plaintiff submits that 1) Combat Zone has made a prima facie case for copyright infringement; 2) Combat Zone has identified specific information – the identities of the John/Jane Does – it seeks through discovery; 3) no alternative means exist to obtain the identities of the John/Jane Does; 4) Combat Zone cannot pursue its claims without the identities of the defendants; and 5) plaintiff's interest in learning the identities of defendants outweighs

---

[1]Plaintiff requests that the court's Order indicate that the court contemplated, and its Order complies with, the Cable Privacy Act's requirements found at 47 U.S.C. 551.  Docket # 3, p. 6-7.  However, based upon the court's review of the Cable Privacy Act and other court's opinions about the Act's applicability to ISPs acting solely as conduits for communications between two internet users, such as persons sharing peer-to-peer files (P2P), the court is of the opinion that the Cable Privacy Act does not support the issuance of a § 512(h) subpoena to an ISP acting as a conduit for P2P sharing.  *Recording Industry Ass'n. of Am., Inc. v. Verizon Internet Servs., Inc.*, 351 F.3d 1229, 1232-38 (D.C. Cir. 2003).

defendant's interests in remaining anonymous.

There is no way to avoid the fact that the John/Jane Doe defendants must be identified before the case may proceed, and the only way to obtain those identities is via a subpoena to the ISPs that retain the information necessary to correlate an IP address to a person. This process is not unusual and has been utilized in other cases. *See Arista Records LLC v. Does 1-16*, 604 F.3d 110 (2nd Cir. 2010); *Arista Records LLC v. Does 1-4*, 589 F.Supp.2d 151 (D. Conn. 2008). For these reasons, the undersigned finds that Combat Zone has demonstrated good cause for expedited discovery, and the issuance of subpoenas to the ISPs will be permitted subject to the notification requirements and other limitations set forth below. The court orders the following:

(1) Plaintiff may immediately serve a subpoena under Federal Rule of Civil Procedure 45 on SBC Internet Services, Inc. and MetroCast Cablevision for each defendant to whom the ISP assigned an IP address. Each subpoena must be accompanied by a copy of this Order.

(2) Within seven days of service of each subpoena, the ISPs must reasonably attempt to identify each defendant and provide him or her with a copy of the subpoena and this Order. If either ISP is unable to determine, to a reasonable degree of technical certainty, the identity of the user of a particular IP address, it must notify the plaintiff of that fact.

(3) The ISPs are granted twenty-one (21) days from the date of service of the subpoena to move to quash or otherwise object to the subpoena. Each defendant is granted fourteen (14) days from the date of receipt of the subpoena from the ISP to move to quash or otherwise object to the subpoena.

(4)     Absent any motion to quash or objection, the ISPs must produce the information

sought by plaintiff within twenty-one (21) days after notifying each defendant as

required by paragraph (2) above.

The court will not address the issue of severance raised by SBC Internet Services, Inc.

d/b/a AT&T Internet Services ("AT&T") [Docket # 11] as the issue is premature and will be

addressed at a later date if necessary.  Similarly, plaintiff's motion to conduct additional

discovery in the form of interrogatories and requests for production or admissions directed to

defendants once they are identified is **DENIED**.  That request is also premature given that the

defendants have not even been identified yet.  The court will consider a renewed motion on this

issue once defendants have been identified.  Finally, although the court appointed attorney Paul

Chiniche to represent the interests of the unnamed defendants in response to plaintiff's Motion to

Expedite Discovery, that appointment terminates upon entry of this Order, and he has no further

responsibility to represent any party.  Docket # 5.  Once they have been identified by the ISPs, it

is the responsibility of each defendant to secure the services of Mr. Chiniche or any other

counsel of their own choosing if they wish to be represented by an attorney in this matter.

Plaintiff has requested an extension of time to serve defendants to avoid dismissal under

Federal Rule of Civil Procedure 4(m).  Because plaintiff needs additional time to obtain the

identities of defendants, plaintiff's request for an additional 90 days to serve defendants is

**GRANTED**.

This, the 6th day of December, 2012.

/s/  S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE